IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 2 6 2003

LUTHE~~, Clerk
By: J. Trupp  Deputy Clerk

| | |
|---|---|
| RODERICK BOONE, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION No. 1 03 CV-2916 |
| DONALD H. RUMSFELD, Secretary, ) U.S. DEPARTMENT OF DEFENSE ) and, LES BROWNLEE, Acting ) Secretary of the U.S. DEPARTMENT ) OF THE ARMY, ) | |
| Defendants. ) | |

-MHS

## EMPLOYMENT DISCRIMINATION COMPLAINT

This is an employment discrimination action for damages and equitable relief brought pursuant to the Rehabilitation Act, §§ 501, *et. seq* and 504, as amended (29 U.S.C. §§ 791, *et. seq.*).

1.

In accordance with 29 U.S.C. § 794a, the jurisdiction and venue of this court are evoked pursuant to 42 U.S.C. § 2000e-5(f) and 2000e-16(c).

2.

All conditions precedent to filing this action have been met by the plaintiff in that he filed a timely mixed complaint with the Merit System Protection Board, hereinafter, MSPB and he filed this instant action within 30 days of receipt of the MSPB final order (5 U.S.C. § 7703(b) (2)).

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Title VII NTC

**Parties**

3.

Plaintiff is a disabled, former employee of the Department of Army (civilian force) and he resides within the geographical confines of this court.

4.

Defendant Rumsfeld is the head of the U.S. Department of the Defense, an agency of the United States, and Defendant Brownlee is the acting head of the U.S. Department of the Army, a department within the U.S. Department of Defense.

**Facts**

5.

In September 1987, plaintiff began his employment with the Army when he was hired as a heavy mobile equipment repairer at Fort Gillem.

6.

Plaintiff suffered an on-the-job injury to his back in or around April 1997.

7.

Plaintiff filed a successful claim for medical benefits with the Office of Workers Compensation Program, and was returned to work on light duty until May 28, 1998.

8.

In July 1998, after plaintiff resumed his regular duties he had a recurrence of his back injury, and he was returned to light duty status.

9.

In September 1998, plaintiff's supervisor, notwithstanding plaintiff's medical documentation, decided to work plaintiff outside of the medical restrictions by requiring plaintiff to check vehicle identification numbers that required excessive bending.

10.

Plaintiff immediately contacted an EEO counselor and on April 5, 1999, he filed a formal complaint under the Rehabilitation Act alleging that the agency failed to accommodate his disability.

11.

On February 25, 2000, the agency requested that plaintiff provide current medical documentation concerning his back injury.

12.

On March 6, 2000, the plaintiff's physician found that plaintiff had suffered from degenerative disc disease and that he should be permanently refrained from heavy lifting, stooping, bending or using machinery that cause vibrations and that he should avoid running greater than short distances on hard surfaces.

13.

On July 22, 2000, plaintiff provided all additional medical records for further evaluation.

14.

With reasonable accommodations, plaintiff is, and was, qualified to perform the duties of a heavy mobile equipment repairer.

15.

On January 11, 2001, the EEOC administrative judge held a hearing on plaintiff's rehabilitation EEO complaint.

16.

On January 17, 2001, the EEOC administrative judge issued his decision in favor of plaintiff and ordered the parties to reconvene for a hearing on damages.

17.

On or about February 1, 2001, the parties were contacted concerning scheduling of the damage hearing, and the hearing was scheduled for March 15, 2001.

18.

On March 13, 2001, the agency issued its Notice of Proposed Removal to plaintiff.

19.

On March 15, 2001, a damage hearing was held, and the EEOC administrative judge awarded plaintiff $7,500 for compensatory damages.

20.

On April 25, 2001, the agency issued its Final Notice of Removal to plaintiff thereby terminating his employment effective May 2001.

21.

Plaintiff aggrieved his separation, disability discrimination and retaliation via the MSPB which found in favor of the agency.

**Causes of Action**

22.

The agency's failure to provide reasonable accommodation for plaintiff's disability instead of separation violates the Rehabilitation Act of 1973, as amended.

23.

The agency initiating and separating plaintiff on the heels of the EEOC adverse decision against the agency, and upon notification and scheduling of a damage hearing violates the anti-retaliation provision of the Rehabilitation Act.

24.

As a result of the agency's discriminatory and retaliatory conduct towards plaintiff, he has been deprived of wages and other lost employee's benefits, and he suffered mental anguish, humiliation and embarrassment by the foregoing discriminatory and retaliatory conduct.

25.

Plaintiff had to retain the undersigned attorney to advance his claims stated herein, as well as pay, expenses of litigation as a result of the agency's unlawful discriminatory and retaliatory conduct.

WHEREFORE plaintiff respectfully requests that this court grant the following:

(a) A declaratory judgment that the acts of discrimination and retaliation stated herein violate the Rehabilitation Act of 1973, as amended;

(b) A permanent injunction ordering plaintiff to be reinstated in his former position with a reasonable accommodation at the same rate of pay that he would have received should he had not been terminated with differential back pay, lost employee's benefits and the accompanying interest;

(c) Judgment against defendant for special and general damages inclusive of, but not limited to, compensatory damages, back pay and lost employee's benefits with the accompanying interest in an amount to be determined at trial;

(d) Reasonable attorney's fees and costs of litigation pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. §§ 794a(a) and 794a (c);

(e) Trial by jury;

(f) And any other relief that this court deems just and proper.

Respectfully submitted this 26 day of September 2003.

/s/ Ethel L. Munson

ETHEL L. MUNSON
Attorney for Plaintiff
Georgia Bar No. 529625

1541 The Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 588-0049

# United States District Court

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

RODERICK BOONE,
    Plaintiff,

V.

DONALD H. RUMSFELD, Secretary,
U.S. Department of Defense and
LES BROWNLEE, Acting Secretary
of the U.S. Department of the
Army,
    Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 1 03 CV-2916

TO: (Name and address of defendant)

Hon. Donald Rumsfeld
General Counsel Office
Pentagon Room 3C975
1600 Defense Pentagon
Washington, D.C. 20301-1600

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ethel L. Munson, Esq.
1541 The Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within **sixty (60)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS      SEP 2 6 2003

CLERK      DATE

(BY) DEPUTY CLERK

ORIGINAL

# United States District Court

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

RODERICK BOONE,
    Plaintiff,

V.

DONALD H. RUMSFELD, Secretary,
U.S. Department of Defense and
LES BROWNLEE, Acting Secretary
of the U.S. Department of the
Army,
    Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 1 03 CV-2916

TO: (Name and address of defendant)
Hon. Les Brownlee
General Counsel Office
Department of the Army
104 Army Pentagon
Wahington, D.C. 20310-0104

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ethel L. Munson, Esq.
1541 The Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within __sixty (60)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK

DATE SEP 2 6 2003

(BY) DEPUTY CLERK

# United States District Court

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

RODERICK BOONE,
    Plaintiff,

V.

DONALD H. RUMSFELD, Secretary,
U.S. Department of Defense and
LES BROWNLEE, Acting Secretary
of the U.S. Department of the
Army,
    Defendants.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 1 03 CV-2916

TO: (Name and address of defendant)
Defendants Rumsfeld and Brownlee
c/o Attorney General John Ashcroft
U.S. Department of Justice
5111 Main Justice Building
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ethel L. Munson, Esq.
1541 The Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within **sixty (60)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS      SEP 26 2003

CLERK      DATE

*J. Drugs*
(BY) DEPUTY CLERK

# United States District Court

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

RODERICK BOONE,
    Plaintiff,

V.

DONALD H. RUMSFELD, Secretary,
U.S. Department of Defense and
LES BROWNLEE, Acting Secretary
of the U.S. Department of the
Army,
    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 1 03 CV-2916

TO: (Name and address of defendant)

Defendants Rumsfeld and Brownlee
c/o U.S. Attorney William S. Duffey, Jr.
for the Northern District of Georgia
1800 U.S. Courthouse
75 Spring Street, SW
Atlanta, GA 30303

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ethel L. Munson, Esq.
1541 The Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within ___sixty (60)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS
CLERK

SEP 26 2003
DATE

*J. Drugg*
(BY) DEPUTY CLERK